

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No. 3:20-cr-140-MGL-1 |
| § | |
| § | |
| WILLIE EDWARD WASHINGTON III, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

### I.    INTRODUCTION

Pending before the Court is Defendant Willie Edward Washington III's (Washington) motion for compassionate release. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Washington pled guilty to conspiracy to possess with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 851.

At sentencing, Washington received a total offense level of twenty-nine and was assigned a criminal history category of VI. Together, this meant Washington's Guideline range was 151 to 188 months. The Court, however, adopted the stipulated sentence contained in the plea agreement

and sentenced Washington to 144 months of imprisonment, to be followed by six years of supervised release. He has a projected release date of October 28, 2029.

Washington recently filed this motion for compassionate release. The government responded, but Washington neglected to reply. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III.    STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court must consider whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other

enumerated circumstances; and (6) under certain circumstances, where there has been a qualifying change in law. U.S.S.G. § 1B1.13(b).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a))] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

IV.   **DISCUSSION AND ANALYSIS**

As a preliminary matter, it appears Washington has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus turn to the merits of his motion.

    A.   *Whether Washington presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)*

        1.   *Whether a change in the law constitutes an extraordinary and compelling reason*

Washington posits the enactment of Amendment 829 to the U.S.S.G. is an extraordinary and compelling reason for compassionate release. He relies upon U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the

>   sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Even assuming Washington received an unusually long sentence, he has yet to serve at least ten years of his sentence. This alone renders U.S.S.G. § 1B1.13(b)(6) inapplicable.

Moreover, the effective date of Amendment 829 is November 1, 2024, and the United States Sentencing Commission has yet to declare it retroactive. *See, e.g.*, *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024) ("Amendment 829 is not retroactive."); *see also* U.S.S.G. § 1B1.10(d) (neglecting to identify Amendment 829 as a basis for sentence reduction).

As is relevant here, U.S.S.G. § 1B1.13(b)(6) provides "amendment[s] to the [U.S.S.G.] that [have] not been made retroactive" fail to constitute a qualifying change in law. U.S.S.G. § 1B1.13(b)(6); *see United States v. Jeanville*, No. 21-20126, 2025 WL 92376 (S.D. Fla. Jan. 14, 2025) ("[U.S.S.G. § 1B1.13(b)(6)] does not apply to . . . Amendment 829."). It further states, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the [U.S.S.G.] that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).

For all these reasons, the Court is unable to conclude Amendment 829 is an extraordinary and compelling reason for compassionate release.

### 2. *Whether Washington's rehabilitative efforts constitute extraordinary and compelling reasons*

Washington further maintains his post-sentencing rehabilitative efforts are extraordinary and compelling reasons for compassionate release. Washington states he has completed numerous programs offered by the Bureau of Prisons and has received only one non-violent infraction while

in custody. Washington asserts he has an excellent release plan and strong support system ready to support him at home.

Although Washington claims he has completed several rehabilitation programs for which the Court commends him, such strides fail to warrant a sentence reduction. *See* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). The Court is therefore unpersuaded his rehabilitative efforts constitute extraordinary and compelling reasons for compassionate release.

### B.     *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling reasons exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Washington's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed—
   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)  to afford adequate deterrence to criminal conduct;
   (C)  to protect the public from further crimes by the defendant;
   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)  the kinds of sentences available;
(4)  the kinds of sentence and the sentencing range established for [the offense] . . . ;
(5)  any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Washington pled guilty to a serious offense. Using a confidential source, law enforcement conducted three controlled purchases of crack cocaine from him. During one of the transactions, Washington showed the confidential source his revolver and stated he was prepared if someone tried to rob him. When law enforcement subsequently arrested Washington, he was in possession of 4.4 grams of cocaine base; 73.404 grams of methamphetamine; and a revolver and several rounds of ammunition.

Washington also has an extensive criminal history, which prohibits him from lawfully possessing a weapon and ammunition. Such history includes a juvenile conviction for domestic violence and adult convictions for possession of cocaine base; failure to stop for blue lights; driving without a license; driving on the wrong side of the road; a seatbelt violation; resisting arrest; failure to comply with the direction of a police officer or firefighter; possession with intent to distribute crack cocaine; possessing, concealing, selling, or disposing of a stolen vehicle; speeding; driving under suspension; trafficking in methamphetamine or cocaine base; distributing cocaine base within proximity of a school; and reckless driving.

As the Court mentioned above, Washington has taken steps toward rehabilitating himself while in custody. Although the Court is pleased with Washington's rehabilitative efforts and encourages him to continue them, he has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Thus, upon balancing the Section 3553(a) factors, the Court determines Washington is unentitled to a sentence reduction. His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. The Court will therefore deny his motion.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Washington's motion for compassionate release, ECF No. 172, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 31st day of October 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE